UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 31, 2019

LETTER TO COUNSEL

      RE:    *Brenda C. v. Commissioner, Social Security Administration*;[1]
              Civil No. SAG-18-102

Dear Counsel:

      On January 11, 2018, Plaintiff Brenda C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 15, 18, 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff filed her current claims for benefits in June 2014, alleging an onset date of May 6, 2013. Tr. 173-82. Her claims were denied initially and on reconsideration. Tr. 104-11, 114-17. A hearing was held on November 9, 2016, before an Administrative Law Judge ("ALJ"). Tr. 27-57. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 11-21. The Appeals Council declined review, Tr. 1-5, making the ALJ's opinion the final, reviewable decision of the SSA.

      The ALJ found that Plaintiff suffered from the severe impairments of "affective disorders (mood, depression and bipolar); and anxiety." Tr. 13. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can perform simple, routine tasks, but not a production pace. The claimant can also only occasionally tolerate changes in workplace settings. She is further limited to making simple work-related

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

      decisions and limited to communicating simple information. In addition, the claimant can occasionally interact with supervisors and co-workers, and can never interact with the public.

Tr. 15-16. After considering the testimony of a vocational expert, the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy, specifically the positions of stock clerk, laundry worker, and hand packager. Tr. 20-21. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 21.

      On appeal, Plaintiff primarily argues that the ALJ erred in evaluating the opinion of the consultative examiner, Dr. Kenneth Fligsten. I agree, and therefore remand this case to the SSA pursuant to sentence four of 42 U.S.C. § 405(g).

      ALJs are required to consider medical opinions in the case record, and apply a set of factors in assigning weight to medical opinions. 20 C.F.R. §§ 404.1527, 416.927. When explaining how the opinion evidence was considered, the ALJ has a duty to "build an accurate and logical bridge from the evidence to his conclusion." *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

      Here, the ALJ assigned "[g]reat weight" to Dr. Fligsten's report because it was "generally consistent with the record as a whole, which indicates mental examinations were generally normal . . . [and] Dr. Fligsten's opinion is supported by the claimant's ability to independently care for her personal needs, as is discussed above." Tr. 19. Dr. Fligsten simply did not say that. In contrast, Dr. Fligsten opined that Plaintiff had reduced abilities to relate healthily, sustain concentration, function independently, maintain pace, and tolerate and adapt to stresses and demands, and noted Plaintiff's increased risk of deterioration or decompensation under stress. Tr. 324. He also opined that Plaintiff "may have difficulty managing her benefits healthily," and described her prognosis as "guarded." Tr. 324, 325.

      The ALJ failed to explain how the limitations indicated by Dr. Fligsten were consistent with the conclusion that "mental examinations were generally normal," and supported by Plaintiff's "ability to independently care for her personal needs." Tr. 19. The SSA defends the ALJ's analysis by arguing that Dr. Fligsten's opinion was "generally very ambiguous" and did not indicate the severity of Plaintiff's limitations. ECF 18-1 at 4. However, this Court can only assess the ALJ's opinion based on the record before it, and the ALJ did not provide a clear and logical explanation in analyzing Dr. Fligsten's report.

      Plaintiff also argues that the ALJ's assignment of great weight to both Dr. Fligsten's opinion and the "State agency opinions", Tr. 19, was inconsistent, because Dr. Fligsten's opinion was more restrictive than the DDS findings. ECF 15-1 at 13-14; Tr. 65, 75-76, 88, 99. However, the psychological consultant portion of those decisions claims the findings are consistent with Dr. Fligsten's opinion. Tr. 65, 75, 87, 98. Regardless of how those decisions can be internally reconciled, without more explanation from the ALJ, I am unable to determine if the ALJ's findings were supported by substantial evidence.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED, and Defendant's Motion for Summary Judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge